THOMAS B. WOOTTON et al., surviving administrators, &c., complainants-appellants,

*v.*

LOUIS R. POLLOCK et al., defendants-respondents.

[Submitted February 17th, 1939.  Decided May 15th, 1939.]

*Mr. William Charlton,* for the appellants.

*Messrs. Wm. M. & Thos. R. Clevenger,* for the respondents.

The opinion of the court was delivered by

434

PARKER, J.

The other appeal in this cause, submitted at the same term as the present appeal, was from an order refusing to rehear matters treated in an order some twenty-one months previously. The present appeal is from a final decree in the cause. Three successive bills of complaint were filed: the first on June 18th, 1934; the second, an amended bill, November 8th, 1935; and the third, a further amended bill, by leave of court granted May 26th, 1936, was filed August 28th, 1936. The other appeal related to a refusal to review the order of May 26th, 1936, as out of time (see *120 N. J. Eq. 245*).

The present appeal seeks a reversal of the following features of the final decree in the cause, dated September 8th, 1938:

1. Granting defendants' motion to strike out the third and fourth causes of action set out in the third bill; and

3. Denying the complainants a decree against the executor and legatees of William R. Layton, who died January 23d, 1936.

The merits of both (1) and (3) were disposed of in the order of May 26th, 1936, before the filing of the third bill. Hence they were *res judicata;* and we have affirmed the refusal of the court to reconsider them.

Also, 2. Refusal to allow a claim for unpaid taxes assessed against the mortgaged premises, in addition to the deficiency ascertained in the original foreclosure.

The refusal was proper. It appears on the face of the second amended bill, that the final decree and costs totaled nearly $75,000; that sale was for a nominal bid of $100; that there were objections to confirmation, a reference to ascertain "fair value;" that the master, after due hearing, reported $67,500 as the fair value, and, on exceptions, the report was confirmed; and that complainants later filed a written consent "that the sum of $67,500 be credited upon their decree in lieu of the sum of $100 bid at said sheriff's sale." In ascertaining "fair value" for purposes of fixing the amount of a deficiency in foreclosure, the practice is to settle the value of the property free and clear and deduct from

it the amount of prior encumbrances, if any, such as earlier mortgages, taxes and assessments, and the remainder, in general, is the "fair value" to be credited on the foreclosure decree. In the present case, if there were unpaid taxes at the time of sale in foreclosure, the mortgagees naturally bought in subject to them, and were entitled to have them allowed by the master in ascertaining the fair value to be credited against the decree. But the time to have that allowance made was that of the reference to settle the fair value. That having been judicially settled at $67,500, and accepted by appellants in writing, and the deficiency having been ascertained accordingly, the mortgagees are in no position to claim afterwards, in a suit to recover that deficiency, that unpaid taxes should be added to it.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.